UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY V. WILLIAMS,

      Plaintiff,

vs.               Case No. 2:10-cv-383-FtM-29SPC

KATHERINE WILLIAMS, CAPTAIN, EVERGLADES CORRECTIONAL INSTITUTION; JAMES LEE, CORRECTIONAL OFFICER, COLUMBIA CORRECTIONAL INSTITUTION; LT. STEWART, CHARLOTTE CORRECTIONAL INSTITUTION; D. LYNCH, CHARLOTTE CORRECTIONAL INSTITUTION; SGT. LAKEWAI, CHARLOTTE CORRECTIONAL INSTITUION; L. FEMA, MENTAL HEATH SPECIALIST; F. GATTO; B.A. BOCKNOR, CLASSIFICATION OFFICER; CORRECTIONAL OFFICER J. LYNN, and, EDGINTON MENTAL HEALTH COUNSELOR,

      Defendants.
_____

## ORDER OF DISMISSAL

**I.**

This matter comes before the Court upon initial review of the file. Plaintiff, initiated this action by filing a handwritten letter complaining, *inter alia*, about the conditions of his confinement at Charlotte Correctional Institution. See generally Doc. #1. Thereafter, Plaintiff filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #4, Complaint). The Complaint contains the above-captioned case number and case number 1:10-cv-106-MP-AK, which appears to be from the United States District Court for the Northern District of Florida. See generally Complaint. Plaintiff subsequently

filed an Amended Complaint (Doc. #9, Amended Complaint). For purposes of this Order, the Court will deem the Amended Complaint the operative pleading.

The Amended Complaint is comprised of various documents, including: a CMECF printout from Plaintiff's previous habeas action filed in the Court at case number 2:10-cv-433-FTM-20DNF; the first page of an order entered by the United States District Court for the Northern District of Florida, Gainesville Division, in case number 1:10-cv-106-MP-AK; the first page of the Court's Order entered in Plaintiff's habeas case number 2:10-cv-433-FTM-29DNF; a copy of the Judgment entered in Plaintiff's habeas case number 2:10-cv-433-FTM-29DNF; and, numerous copies of grievances and responses to grievances. See generally Amended Complaint. To the extent discernable, the Amended Complaint contains allegations against officers at Everglades Correctional Institution, Columbia Correctional Institution and Charlotte Correctional Institution. Id. Only Charlotte Correctional Institution is located within the venue of this Court.[1] Plaintiff seeks to proceed *in forma pauperis* in this action. See Affidavit of Indigence (Doc. #2).

---

[1]Everglades Correctional is located within the venue of the United State District Court for the Southern District of Florida, Miami Division, and Columbia Correctional is located within the venue of this Court's Jacksonville Division.

**II.**

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915(A)(a), (b)(1), (b)(2). In addition, 28 U.S.C. § 1915(e)(2) directs that the Court "shall dismiss the case at any time if the court determines that "the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)(ii). In essence, § 1915 is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). And, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. Malicious filings include those

in which a party abuses the judicial process, Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), where a party refuses to comply with court orders, Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir.), cert. denied, 510 U.S. 863 (1993), or cases in which a party repeatedly files duplicate claims made in previous lawsuits, Hardwick v. Branson, 523 F.2d 798, 800 (5th Cir. 1975).[2]

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests]." Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")(internal quotations and citations omitted); Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Id. 129 S. Ct. at 1949.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003)(affirming the district court's dismissal of a § 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**III.**

Here the Court finds that this action is subject to dismissal for a number of reasons. At the outset, the Court finds that the pleading is malicious and an abuse of the judicial process. Plaintiff filed a substantially similar complaint in the United States District Court for the Southern District of Florida at case number 1:2010-cv-21057 involving these same claims arising from events at these same three institutions. There, the Southern District directed Plaintiff to amend his complaint and warned Plaintiff that only claims arising out of events that took place at Everglades Correctional Institution should be brought before it. Despite the warning, Plaintiff filed an amended complaint involving the same three claims concerning events that took place at Everglades Correctional Institution, Columbia Correctional Institution, and Charlotte Correctional Institution, which the Southern District then dismissed due to Plaintiff's failure to comply with the Court's order. See case number 1:10-cv-21057, August 2, 2010 Order (Doc. #22). Indeed, the Northern District also transferred another of Plaintiff's actions concerning allegations arising out of Charlotte Correctional Institution to this Court, advising Plaintiff that venue was proper in the Middle District. See case number 1:10-cv-106-MP-AK. Thus, Plaintiff is aware that he is required to raise unrelated claims in separate actions, and may only raise claims before the Court for which the Court has proper venue.

Further the Amended Complaint, as filed, is disjointed and contains unrelated and improper claims. In particular, Plaintiff first claims that Defendant Williams ordered nine correctional officers to attack Plaintiff on December 9, 2001 at Everglades Correctional Institution. Amended Complaint at 7. Plaintiff then claims that, on an unspecified date, Defendant Lee sprayed mace at the back of his neck at Columbia Correctional Institution. Id. Thereafter, Plaintiff states that, on another unspecified date, Defendant Stewart and two other correctional officers who are not named as defendants, "almost broke [his] ankles and wrists" at Charlotte Correctional Institution. Id. at 7-8. Additionally, Plaintiff seeks damages of $500,000 from Nurse Delahorne, who is not named as a defendant but who allegedly "gave an injection" to Plaintiff at some point in time at some institution. Id. at 8. Further, Plaintiff complains that Defendant Lynn wrote false disciplinary reports about him, and Defendants Fema and Edginton improperly made him "do 60 days DC [disciplinary confinement]." Id. Plaintiff additionally alleges that he has been incarcerated for over two years beyond his sentence. Id. Other than the one-sentence averments of alleged wrong doings, the Amended Complaint contains no other factual averments in support of any of the various claims. See generally id.

As Plaintiff was previously advised by both the Southern and Northern District Courts, venue in this Court does not lie for claims

that occurred at Everglades or Columbia Correctional Institutions. Further, to the extent that Plaintiff brings claims in a civil rights action for being issued improper disciplinary reports which resulted in his confinement, such claims must be dismissed unless and until the reason for the confinement or reports has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994). Additionally, Plaintiff has failed to comply with the written directions on the civil rights complaint form which requires Plaintiff to state the date, place, and facts giving rise to his claims. Nor does the Amended Complaint comply with Rule 10, which requires that all averments of the claim "shall be made in numbered paragraphs" and limited to "a statement of a single set of circumstances." Fed. R. Civ. Pro. 10(b).

Finally, the Court takes judicial notice of its own files, which reveals that, in other actions initiated by Plaintiff, the Court has previously and repeatedly: (1) advised Petitioner as to how to file a civil rights action, to the extent that Petitioner wished to prosecute a claim regarding the conditions of his confinement, or his alleged false imprisonment; and, (2) deemed a request for immediate release from either close management or prison mooted by Petitioner's release from prison on October 10, 2010. <u>See</u> July 23, 2010 Order (Doc. #17)

entered in case number 2:10-cv-433-FtM-29DNF; October 13, 2010 Order (Doc. #4) entered in case number 2:10-cv-603-FtM-36DNF; and October 13, 2010 Order (Doc. #4) entered in case number 2:10-cv-615-FtM-36SPC.

ACCORDINGLY, it is hereby

**ORDERED**:

1.  This action is **DISMISSED** without prejudice.

2.  The Clerk shall terminate any pending motions, enter judgment accordingly, and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, on this   29th   day of December, 2010.

                                             _____
                                             JOHN E. STEELE
                                             United States District Judge

SA: hmk
Copies: All Parties of Record